UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| NATIONSTAR MORTGAGE LLC, | Case No. 3:17-cv-00699-LRH-VPC |
| Plaintiff, | ORDER |
| v. | |
| CURTI RANCH TWO MAINTENANCE ASSOCIATION, INC; SFR INVESTMENTS POOL 1, LLC, | |
| Defendants. | |

Two motions come before the court in this nonjudicial-foreclosure-sale matter. First, defendant SFR Investments Pool 1, LLC ("SFR") moves to demand security for costs under Nevada Revised Statute ("NRS") § 18.130. ECF No. 8. Second, defendant Curti Ranch Two Maintenance Association, Inc. ("Curti Ranch") moves to dismiss three claims in the complaint. ECF No. 6. Plaintiff Nationstar Mortgage LLC ("Nationstar") opposed the motion to dismiss, and Curti Ranch filed a reply. ECF Nos. 11, 12. The court now denies SFR's demand of security for costs. The court also denies in part and grants in part Curti Ranch's motion to dismiss.

**I.  BACKGROUND**

This matter arises from a nonjudicial foreclosure sale occurring in 2013 under NRS Chapter 116.[1] ECF No. 1. Curti Ranch (a homeowners' association) foreclosed on the at-issue property on September 19, 2013, based on delinquent homeowners' association fees. *Id.*

---

[1] NRS Chapter 116 has been amended since the foreclosure sale was conducted in this matter. Any discussion of NRS Chapter 116 provisions in this order refers to the versions of the provisions as enforced in 2013.

1

Nationstar—the beneficiary of the first deed of trust on the property—brought suit four years later, challenging the constitutionality and the circumstances of the foreclosure sale. *Id.* It filed the complaint on November 30, 2017, alleging (1) a claim to quiet title on the property, (2) a claim for violations of NRS § 116.1113, (3) a claim for wrongful foreclosure, and (4) a claim for injunctive relief. Curti Ranch now moves to dismiss the first three claims based on the applicable statute of limitation. ECF No. 6.

**II. LEGAL STANDARD**

A party may seek the dismissal of a complaint under Federal Rule of Civil Procedure 12(b)(6) for failure to state a legally cognizable cause of action. *See* Fed. R. Civ. P. 12(b)(6) (stating that a party may file a motion to dismiss for "failure to state a claim upon which relief can be granted[.]"). To survive a motion to dismiss for failure to state a claim, a complaint must satisfy the notice pleading standard of Federal Rule 8(a)(2). *See Mendiondo v. Centinela Hosp. Med. Ctr.*, 521 F.3d 1097, 1103 (9th Cir. 2008). Under Rule 8(a)(2), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Rule 8(a)(2) does not require detailed factual allegations; however, a pleading that offers only "'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action'" is insufficient and fails to meet this broad pleading standard. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

To sufficiently allege a claim under Rule 8(a)(2), viewed within the context of a Rule 12(b)(6) motion to dismiss, a complaint must "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 570). A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference, based on the court's judicial experience and common sense, that the defendant is liable for the alleged misconduct. *See id.* at 678-679 (stating that "[t]he plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief.") (internal quotation marks and citations omitted). Further, in reviewing a motion to

dismiss, the court accepts the factual allegations in the complaint as true. *Id.* However, bare assertions in a complaint amounting "to nothing more than a formulaic recitation of the elements of a . . . claim . . . are not entitled to an assumption of truth." *Moss v. U.S. Secret Serv.*, 572 F.3d 962, 969 (9th Cir. 2009) (quoting *Iqbal*, 556 U.S. at 698) (internal quotation marks omitted). The court discounts these allegations because "they do nothing more than state a legal conclusion—even if that conclusion is cast in the form of a factual allegation." *Id.* "In sum, for a complaint to survive a motion to dismiss, the non-conclusory 'factual content,' and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief." *Id.*

### III. DISCUSSION

The court must decide two motions: (1) SFR's demand of security for costs and (2) Curti Ranch's motion to dismiss. The court considers each motion in turn.

#### A. Demand for Security for Costs

The court first turns to SFR's demand for security for costs under NRS § 18.130. The Nevada statute states: "[w]hen a plaintiff in an action resides out of the State, or is a foreign corporation, security for costs and charges which may be awarded against such plaintiff may be required by the defendant, by the filing and service on plaintiff of a written demand therefor within the time limited for answering the complaint." Nev. Rev. Stat. § 18.130(1). While such security is not required under the Federal Rules of Civil Procedure, "[i]t has been the policy of the United States District Court for the District of Nevada to enforce the requirements of NRS § 18.130 in diversity actions." *Hamar v. Hyatt Corp.*, 98 F.R.D. 305 (D. Nev. 1983).

But "[w]hen suit is brought under a federal statute, state provisions requiring security for costs or expenses clearly are inapplicable." 10 Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 2671 (3d ed.) Instead, the court may apply its own rules or state practice to require security for costs as a discretionary matter. *Id.* In doing so, the court may consider the policy of the underlying federal statute, the defendant's ability to recover costs from an out-of-state plaintiff if the defendant prevails, the plaintiff's solvency, and any other pertinent factors. *Id.*

1    This matter centers on the constitutionality of Nevada's statutes governing nonjudicial foreclosure sales; plaintiff argues the statutes, as enforced in 2013, violate plaintiff's due process rights under the U.S. Constitution. ECF No. 1, ¶¶ 36–43; ECF No. 11 at 7 (describing the declaratory relief claim, which is based on constitutional challenges to the Nevada statutes, as the primary issue in this matter). Because this matter centers on a claim asserting a constitutional challenge, the court finds it would be contrary to public policy to require security for costs. Further, SFR presents no facts to require security for costs in this matter. The court therefore denies SFR's motion for demand of security for costs.

### B. Motion to Dismiss

The court now considers Curti Ranch's motion to dismiss. Curti initially moved to dismiss the first three claims of Nationstar's complaint based on an expired statute of limitations. ECF No. 6. But in its reply, Curti correctly concedes that Nationstar's quiet title claim is not time-barred. ECF No. 12 at 1 (recognizing the five-year statute of limitations imposed on quiet-title claims in Nevada). Accordingly, the court only considers whether the claim for breach of NRS § 116.1113 and the claim for wrongful foreclosure must be dismissed under the applicable statute of limitations.

To determine whether the remaining claims are time-barred by the applicable statute of limitations, the court must first determine the date on which the claims accrued. Curti Ranch argues the claims accrued on the date of the foreclosure sale: September 19, 2013. ECF No. 12 at 2. Nationstar argues the claims accrued on September 18, 2018, when the Nevada Supreme Court issued its ruling in *SFR Investments Pool 1, LLC v. U.S. Bank, N.A.*, 334 P.3d 408 (Nev. 2014). ECF No. 11 at 7. The ruling confirmed that an nonjudicial foreclosure sale conducted by a homeowners' association could extinguish a senior deed of trust on the property. *See SFR Investments Pool 1*, 334 P.3d at 412–14. The court agrees with Curti Ranch.

While Nationstar argues it was unaware of the possibility of any damages until the *SFR Investments Pool 1* decision, the governing statute existed prior to the decision and created a flurry of litigation in both Nevada courts and federal courts. The *SFR Investments Pool 1* ruling merely clarified law that was already in existence at the time of the at-issue foreclosure sale in

4

this matter. The court therefore determines that the claims herein accrued at the time of the foreclosure sale—a decision supported by other district court decisions. *See also Bank of Am., N.A. v. Desert Canyon Homeowners Ass'n*, No. 2:17-cv-00663-MMD-NJK, 2017 WL 4932912, at *2 (D. Nev. Oct. 31, 2017) (holding the statute of limitations began to run on the date of the foreclosure sale for claims alleging a breach of NRS § 116.1113 and a wrongful foreclosure). As a result, the statute of limitations began to run on Nationstar's claims on September 19, 2013.

NRS § 11.190(3) imposes a three-year statute of limitations on claims arising from liabilities created by statute. Nev. Rev. Stat. § 11.190(3)(a). Both the claim for violation of NRS § 116.1113 and the claim for wrongful foreclosure arise from allegations that Curti Ranch violated statutory duties imposed by Chapter 116. *See* ECF No. 1. And while Nationstar also alleges wrongful foreclosure on the basis of violating the CC&Rs, a wrongful-foreclosure claim challenges the authority behind the foreclosure rather than the foreclosure act itself. *McNight Family, L.L.P. v. Adept Mgmt.*, 310 P3d 555, 559 (Nev. 2013); *see also Nationstar Mortg. LLC v. Amber Hills II Homeowners Ass'n*, No. 2:15-cv-01433-APG-CWH, 2016 WL 1298108, at *5 (D. Nev. Mar. 31, 2016). Curti Ranch foreclosed on the property according to the alleged authority in NRS Chapter 116. *See* ECF No. 1. Because the claims were filed more than three years from the date of the foreclosure sale, the court grants the motion to dismiss as to these two claims.

## IV. CONCLUSION

IT IS THEREFORE ORDERED that SFR Investments Pool 1, LLC's demand for security costs (ECF No. 8) is **DENIED without prejudice**.

IT IS FURTHER ORDERED that Curti Ranch Two Maintenance Association, Inc.'s motion to dismiss (ECF No. 6) is **GRANTED in part and DENIED in part.** The court

/ / /

/ / /

/ / /

dismisses claim two (breach of NRS 116.1113) and claim three (wrongful foreclosure). The court does not dismiss claim one.

IT IS SO ORDERED.

DATED this 2nd day of April, 2018.

LARRY R. HICKS
UNITED STATES DISTRICT JUDGE