UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| NATIONSTAR MORTGAGE LLC, | Case No. 3:17-cv-00699-LRH-CBC |
|---|---|
| Plaintiff, | ORDER |
| v. | |
| CURTI RANCH TWO MAINTENANCE ASSOCIATION, INC.; SFR INVESTMENTS POOL 1, LLC, | |
| Defendants. | |

On September 25, 2019, Nationstar Mortgage LLC ("Nationstar"), filed a motion to reconsider (ECF No. 105) the court's prior Order denying Nationstar's motion for summary judgment (ECF No. 59) from January 30, 2019. The court reviewed Nationstar's motion and found that it raised a question for the court to review and set a briefing schedule. ECF No. 107. SFR Investments Pool 1, LLC ("SFR") responded (ECF No. 111), and accordingly, Nationstar replied (ECF No. 113).

Although the Federal Rules of Civil Procedure do not explicitly allow for an aggrieved party to seek reconsideration of a court's judgment, federal courts have typically construed such requests as falling under Rule 59(e). A district court may reconsider a prior order only where the court is presented with newly discovered evidence, an intervening change of controlling law, the original decision was manifestly unjust, or where the prior order was clearly erroneous. *United States v. Cuddy*, 147 F.3d 1111, 1114 (9th Cir. 1998); *School Dist. No. 1J, Multnomah County v. AcandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993). Motions for reconsideration are "extraordinary remed[ies]," and they should only be used "sparingly in the interests of finality and conservation

1

of judicial resources." *Kona Enters., Inc. v. Estate of Bishop*, 229 F.3d 887, 890 (9th Cir. 2000). Whether or not to grant reconsideration is within the sound discretion of the district court. *Navajo Nation v. Confederated Tribes and Bands of the Yakama Indian Nation*, 331 F.3d 1041, 1046 (9th Cir. 2003).

Upon review, the court finds that its previous order was premised, in part, on an incorrect review of the evidence. The court agrees with Nationstar that the Discharge of Assignment, (ECF No. 105-6), does not pertain to the property at issue and should not have been considered. However, that alone is not dispositive for the motion to reconsider. After reviewing the briefing, the court finds that oral argument and presentation of evidence on the remaining issue regarding the assignments and the chain of title for the at issue property is necessary. As the bench trial set before the court revolves solely on this issue, the court sees no reason to vacate the trial date. Moreover, as the court noted during Calendar Call on September 26, 2019, Nationstar's motion is untimely as it was filed approximately 8 months after the court issued its prior ruling. *See* ECF No. 106.

As both parties have indicated to the court that they are prepared to go forward with the bench trial as set, IT IS THEREFORE ORDERED that Nationstar's motion for reconsideration (ECF No. 105) is **DENIED without prejudice**.

IT IS FURTHER ORDERED that the court **GRANTS** the parties stipulation for extension of time regarding pretrial related submissions (ECF No. 114) to **October 17, 2019**, as agreed.

IT IS SO ORDERED.

DATED this 15th day of October, 2019.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE