UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| NATIONSTAR MORTGAGE LLC, | Case No. 3:17-cv-00699-LRH-CLB |
|---|---|
| Plaintiff, | ORDER |
| v. | FINDINGS OF FACT AND CONCLUSIONS OF LAW |
| CURTI RANCH TWO MAINTENANCE ASSOCIATION, INC.; SFR INVESTMENTS POOL 1, LLC, | |
| Defendants. | |

On October 23, 2019, a bench trial was held on the sole remaining issue before the court: whether Nationstar Mortgage LLC ("Nationstar") has a property interest sufficient to bring its claims for relief (quiet title) and prove its entitlement to judgment in its favor. ECF No. 131. During the trial, the court reserved ruling on defendant's, SFR Investments Pool 1, LLC ("SFR"), motion in limine to exclude the corrective assignment recorded July 23, 2018, from evidence (ECF No. 88). *Id.* On the eve of trial, Curti Ranch Two Maintenance Association Inc. ("the Association" or "Curti Ranch") and Nationstar filed a notice of settlement. ECF No. 129. That same night, SFR filed a "Supplemental Trial Brief" which was actually a motion to dismiss based on the settlement agreement between Curti Ranch and Nationstar. ECF No. 130. As Nationstar was unaware of this filing when the parties met for trial, no argument was heard on the motion, and the court ordered the parties to fully brief the issue. ECF No. 131. During the bench trial, SFR also argued a motion to reconsider the court's prior ruling that Nationstar's quiet title claim was governed by a 5-year

1

statute of limitations. *See id.* Nationstar objected to such argument as untimely, but effectively opposed the motion before the court. *Id.* With briefing now complete on SFR's supplemental trial brief, the court rules on all pending issues.

**I.  STATUTE OF LIMITATIONS**

During SFR's oral argument at the bench trial, SFR orally motioned the court to reconsider its prior order on summary judgment (ECF No. 59), in which the court held that a 5-year limitations period exists for Nationstar's quiet title claim. *Id.* Nationstar objected to the motion as untimely, however, the court entertained SFR's argument. Without waiving its objection, Nationstar responded to SFR's argument, and SFR replied. *Id.*

As the court found in its order denying Nationstar's motion to reconsider, such a motion to reconsider is untimely. *See* ECF No. 118. SFR has had almost **9 months** to file a motion on the issue: if SFR wished to argue for reconsideration it should have timely filed a motion following the court's January 2019 order. Therefore, consistent with the court's prior order, the court also denies SFR's motion for reconsideration as untimely. Moreover, the court is not persuaded by SFR's argument that a shorter statutory period is applicable: the court maintains that a 5-year statute of limitations period applies to Nationstar's quiet title claim. Accordingly, SFR's oral motion is denied.

**II.  MOTIONS IN LIMINE**

On September 6, 2019, defendant, SFR filed a motion in limine to exclude the "Corrective Corporate Assignment of Deed of Trust," recorded in the Washoe County Recorder's Office on July 23, 2018 as document number 4835207, from evidence presented during trial. ECF No. 88. Plaintiff, Nationstar responded. ECF No. 92. Nationstar filed a motion in limine to exclude reference, testimony, argument and documents concerning prior acts and other properties and litigation (ECF No. 89), to which SFR responded (ECF No. 93). On September 26, 2019, during calendar call, the parties conferred and agreed that a bench trial was appropriate to decide the only remaining issue before the court. ECF No. 106. At the start of the bench trial on October 23, 2019, the court reserved ruling on SFR's motion in limine. ECF No. 131; *see Hawthorne Partners v. AT&T Techs., Inc.*, 831 F. Supp. 1398, 1400 (N.D. Ill. 1993) (a court may wait to resolve the

evidentiary issues at trial where the evidence can be viewed in its "proper context"). No argument was made at the bench trial as to Nationstar's motion in limine (ECF No. 89), and SFR did not attempt to introduce the evidence Nationstar sought to exclude.

Generally, all relevant evidence is admissible. FED. R. EVID. 402. Evidence is relevant if "it has any tendency to make a fact more or less probable than it would be without the evidence." FED. R. EVID. 401. The determination of whether evidence is relevant to an action or issue is expansive and inclusive. *See Sprint/United Mgmt. Co. v. Mendelsohn*, 552 U.S. 379, 384-87 (2008). However, the court may exclude otherwise relevant evidence "if its probative value is substantially outweighed by the danger of" unfair prejudice. FED. R. EVID. 403. Additionally, "[i]f a party fails to provide information . . ., the party is not allowed to use that information . . . to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless." FED. R. CIV. P. 37(c)(1).

SFR argues that Nationstar failed to disclose this corrective assignment during discovery. As Nationstar indicated, they did not disclose the recorded document during discovery because it was not in existence until after discovery closed on July 5, 2018 (*see* ECF No. 28). The court finds that such a failure to disclose was substantially justified—Nationstar cannot be required to disclose documents that don't exist. Further, any failure to disclose the assignment was harmless. Nationstar disclosed the corrective assignment on August 2, 2018, over a year before trial. *See* ECF No. 88. If SFR had felt it necessary following this disclosure, it could have motioned the court to re-open discovery, but it did not do so. Therefore, the court cannot find that such late disclosure harmed SFR such that the evidence should be excluded. Accordingly, the court denies SFR's motion in limine (ECF No. 88) and shall consider the corrective assignment when making its further rulings. Additionally, because SFR did not attempt to introduce the evidence Nationstar sought to exclude, the court denies Nationstar's motion in limine (ECF No. 89) as moot.

### III. FINDINGS OF FACT

#### A. Facts Stipulated to by the Parties

1. Nevada adopted the Uniform Common Interest Ownership Act as NRS Chapter 116, including NRS 116.3116(2), in 1991.

2. The property at issue in this case, located at 480 Cicada Ct., Reno, Nevada 89521 ("the property"), is subject to the declarations of covenants, conditions, restrictions, reservations, and easements (CC&Rs) recorded by Curti Ranch.

3. Homeowner, Mr. Guillermo Carey (non-party borrower), became delinquent on his Association monthly assessments. The Association, through its agent Alessi & Koenig, LLC ("Alessi"), recorded a Notice of Delinquent Assessment (Lien) on November 30, 2010, in the Washoe County Recorder's Office as document number 3947650. *See* Nationstar Trial Exhibit No. 9.

4. The Association then recorded, through Alessi, a Notice of Default and Election to Sell under the Homeowners' Association Lien on February 24, 2011, in the Washoe County Recorder's Office as document number 3976810. *See* Nationstar Trial Exhibit No. 10.

5. Bank of America, N.A., through its attorneys at Miles Bauer Bergstrome & Winters LLP, contacted Alessi on April 5, 2011, and requested a nine-month payoff statement so that it could satisfy the super-priority portion of the Association lien.

6. On June 6, 2011, Alessi responded with a total payoff demand for $2,407. The payoff stated the Association assessments were $112-per-month. No nuisance abatement charges were included.

7. Based on the $112 monthly assessment amount identified in the June 6, 2011 payoff demand, Bank of America calculated the super-priority portion of the lien as $1,008, which was the sum of nine-months of common assessments, and sent a check for that amount to Alessi on June 17, 2011.

8. Alessi refused to accept Bank of America's payment, and returned the $1,008 check.

9. On March 13, 2013, the Association, through Alessi, recorded a Notice of Trustee's Sale in the Washoe County Recorder's Office as document number 421678. *See* Nationstar Trial Exhibit No. 14.

10. Curti Ranch, through Alessi, foreclosed on the property on September 19, 2013. A Trustee's Deed upon Sale was recorded on September 27, 2013, in the Washoe County Recorder's Office as document number 4284677. *See* Nationstar Trial Exhibit No. 6.

11. At the sale, defendant/ counterclaimant SFR placed the highest cash bid of $22,000. *Id.*

**B. Additional Findings of Fact**

12. In June 2005, Guillermo and Sandra Carey obtained a purchase money loan in the original principal amount of $344,685 from Countrywide Home Loans, Inc., which was secured by a deed of trust encumbering the property. The deed of trust identified Countrywide Home Loans, Inc. as the lender, and Mortgage Electronic Registration Systems, Inc. ("MERS") as nominee for the lender and lender's successors and assigns as the record beneficiary. A copy of the deed of trust was recorded on July 6, 2005, in the Washoe County Recorder's Office as document number 3241354. *See* Nationstar Trial Exhibit No. 1.

13. On May 2, 2011, the deed of trust was assigned from MERS to BAC Home Loans Servicing, LP fka Countrywide Home Loans Servicing LP. It was recorded in the Washoe County Recorder's Office as document number 3998967. *See* Nationstar Trial Exhibit No. 2.

14. On June 17, 2011, Bank of America, N.A., as successor by merger[1] to BAC Home Loans Servicing, LP fka Countrywide Home Loans Servicing LP, tendered $1,008.00 to Curti Ranch in an attempt to satisfy the HOA's super priority lien. Curit Ranch rejected the tender.

15. On December 26, 2012, MERS recorded another assignment, this time transferring its interest in the property to U.S. Bank National Association for the Benefit of the Certificateholders CSFB Mortgage Securities Corp. Adjustable Rate Mortgage Trust 2005-11 Adjustable Rate Mortgage-Backed Pass-through Certificates, Series 2005-11 ("U.S. Bank"). It was recorded in the Washoe County Recorder's Office as document number 4188430. *See* Nationstar Trial Exhibit No. 3.

16. Curti Ranch proceeded with the non-judicial foreclosure sale on September 19, 2013, through which SFR purchased the property. Nationstar's quiet title claim arises from this HOA foreclosure sale.

---

[1] Nationstar motioned the court to take judicial notice of 16 publicly recorded documents regarding the at issue property and documents regarding the merger of BAC Home Loans Servicing with Bank of America. The court need not take judicial notice to consider the contents of these documents when deciding this case after a bench trial. Accordingly, the court has considered all relevant documents cited in Nationstar's motion (ECF No. 128) and denies the motion.

5

17. On November 4, 2013, Bank of America, N.A. recorded an assignment which transferred Countrywide Home Loans, Inc.'s interest in the property to Nationstar. This document was recorded in the Washoe County Recorder's Office as document number 4296102. *See* Nationstar Trial Exhibit No. 4.

18. On November 30, 2017, Nationstar filed a complaint against SFR and Curti Ranch. *See* ECF No. 1.

21. On July 23, 2018, Nationstar recorded a Corrective Corporate Assignment of Deed of Trust to the at issue property. This assigned the interest held by Bank of America, N.A., successor by merger to BAC Home Loans Servicing, LP fka Countrywide Home Loans Servicing LP, to Nationstar. This document was recorded in the Washoe County Recorder's Office as document number 4835207. *See* Nationstar Trial Exhibit No. 5.

## IV. CONCLUSIONS OF LAW

### A. Jurisdiction and Venue

1. The court has diversity subject matter jurisdiction over this matter under 28 U.S.C. § 1332. There is diversity of citizenship between plaintiff Nationstar (not a citizen of Nevada) and defendant SFR (a citizen of Nevada), and the amount in controversy exceeds $75,000.

2. The court has federal question jurisdiction 28 U.S.C. § 1331. Nationstar sought, in its Complaint, a declaration that applying a facially unconstitutional statute, NRS Chapter 116, would deprive it of its due process rights under the U.S. Constitution's Fourteenth Amendment. Nationstar's right to a declaration that the HOA foreclosure sale did not extinguish its deed of trust depended on resolution of a substantial question of federal law. Despite that claim being resolved, the court retains supplemental jurisdiction over the remaining state law claims under 28 U.S.C. § 1367.

3. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(1)-(2) because a substantial part of the events and omissions giving rise to the claims occurred here, and the property at issue and HOA involved are in this District.

4. The court has personal jurisdiction over SFR because this action arises out of SFR's purposeful purchase of an interest in real property situated in Washoe County, Nevada, from Curti

Ranch. The court also has general personal jurisdiction because SFR is a Nevada limited liability company.

**B. Stipulated Conclusions of Law**

The parties stipulated to the following in the parties' amended joint pretrial order (*see* ECF Nos. 77):

> 5. Nevada foreclosure statute's notice provisions are constitutional.
>
>    i. The court finds that NRS § 107.090 is read into NRS § 116.1168(1). *See SFR Invs. Pool 1, LLC v. Bank of N.Y. Mellon*, 422 P.3d 1248, 1253 (Nev. 2018) (holding that "NRS 116.31168 fully incorporated both the opt-in and mandatory notice provisions of NRS 107.090").[2]
>
> 6. Nationstar's as-applied-due-process challenge fails.
>
>    i. The court further finds that Bank of America, N.A., Nationstar's predecessor in interest, received the notice of default leading up to Curti Ranch's foreclosure sale, and therefore, had actual notice of the HOA foreclosure sale. *See* ECF No. 59 (noting that Nationstar conceded that Bank of America received notice of default). *Supra* note 2.
>
> 7. Bank of America's tender of the super priority amount was proper.
>
>    i. Bank of America's tender letter accompanying the $1,008.00 check was not impermissibly conditional, as the bank had the right to insist on the conditions set forth in the letter. Curti Ranch's rejection of the tender was not justifiable. *See* ECF No. 59. *Supra* note 2.
>
> 8. SFR took title to the property subject to the first deed of trust.
>
>    i. Bank of America's valid tender satisfied the super priority portion of Curti Ranch's lien. Therefore, when Curti Ranch foreclosed on its entire lien, the sale was void as to the super priority portion, and Curti Ranch could not

---

[2] This conclusion of law was not stipulated to by the parties, but because it fits best within this section, the court includes it here for the sake of clarity.

convey full title to SFR during the foreclosure. SFR's status as a bona fide purchaser is irrelevant. *See* ECF No. 59. *Supra* note 2.

**C. Additional Conclusions of Law**

9. In Nevada, an action to quiet title arising from a homeowners' association foreclosure sale is subject to a five-year statute of limitations period pursuant to NRS § 11.070. Because Nationstar filed its complaint on November 30, 2017, its quiet title claim is timely and not barred by the statute of limitations.[3] *See* ECF No. 59.

10. A quiet title action "may be brought by any person against another who claims an estate or interest in real property, adverse to the person bringing the action, for the purpose of determining such adverse claim." NRS § 40.010.

11. "In a quiet title action, each party must plead and prove his or her own claim to the property in question." *Yokeno v. Mafnas*, 973 F.2d 803, 808 (9th Cir. 1992); *see also Chapman v. Deutsche Bank Nat'l Trust Co.*, 302 P.3d 1103, 1106 (Nev. 2013) ("A plea to quiet title does not require particular elements, but each party must plead and prove his or her own claim to the property in question . . .." (internal quotations omitted)).

12. "To have standing to assert a quiet title claim, a plaintiff must have a current claim to the land in dispute." *1597 Ashfield Valley Trust v. Federal National Mortg. Ass'n Sys.*, Case No. 2:14-cv-2123 JCM (CWH), 2015 WL 4581220, at * 9 (D. Nev. July 28, 2015).

13. While the beneficiary and assignee of a Deed of Trust has standing to assert the rights held by its predecessor in interest, "the burden of proof rests with the plaintiff to prove a good title in himself." *Velazquez v. Mortg. Electronic Registration Sys., Inc.*, Case No. 2:11-cv-576 JCM (RJJ), 2011 WL 1599595, at *2 (D. Nev. April 27, 2011) (citing *Breliant v. Preferred Equities Corp.*, 918 P.2d 314, 318 (Nev. 1996)); *Interim Capital LLC v. Herr Law Group, Ltd.*, Case No. 2:09-cv-01606-KJD-LRL, 2011 WL 7047062, at *6 (D. Nev. Oct. 21, 2011) ("The general rule of assignments is that the transferee has the same rights as the transferor.").

---

[3] Nationstar's proposed findings of fact and conclusions of law (ECF No. 126) provides that this is a stipulated conclusion. However, given that SFR argued that the court should reconsider this prior ruling, it does not appear to the court that SFR stipulated to this legal conclusion. Regardless, as discussed above in Part I, the court declines to reconsider the issue, and maintains its prior ruling that a 5-year statute of limitations period is applicable to Nationstar's quiet title claim.

14. "[A] complete chain of assignments linking [the moving party] to the record holder of the mortgage, or a single assignment from the record holder of the mortgage," will meet this burden. *See U.S. Bank Nat. Ass'n v. Ibanez*, 941 N.E.2d 40, 53 (Mass. 2011).

15. The following assignments show a complete chain of title to the property ending with Nationstar as the record beneficiary:

    i. July 6, 2005: Deed of Trust identifies Countrywide Home Loans, Inc. as the lender, and MERS as nominee for the lender and lender's successors and assigns as the record beneficiary. *See* Nationstar Trial Exhibit No. 1.

    ii. May 2, 2011: Corporation Assignment of Deed of Trust Nevada from MERS to BAC Home Loans Servicing, LP fka Countrywide Home Loans Servicing LP. *See* Nationstar Trial Exhibit No. 2.

    iii. July 23, 2018: Corrective Corporate Assignment of Deed of Trust from Bank of America, successor by merger to BAC Home Loans Servicing, LP fka Countrywide Home Loans Servicing LP, to Nationstar. *See* Nationstar Trial Exhibit No. 5.

16. The following assignments are null and void because the assignor had no right or interest in the property to assign:

    i. December 26, 2012: Assignment of Deed of Trust from MERS to U.S. Bank. *See* Nationstar Trial Exhibit No. 3. This assignment is a legal nullity because at the time MERS attempted to assign its interest to U.S. Bank, it had already assigned its interest to BAC Home Loans Servicing, LP fka Countrywide Home Loans Servicing LP. *See* Nationstar Trial Exhibit No. 2. Because MERS held no interest in the property, it could only assign what it had—nothing. *See RH Kids, LLC v. Nationstar Mortg. LLC*, 448 P.3d 546, 2019 WL 4390762, at *1 n.2 (Nev. Sept. 12, 2019) (unpublished) (citing 6A C.J.S. § 111 (2019) ("An assignee stands in the shoes of the assignor and ordinarily has only the rights possessed by the assignor at the time of the assignment, and no more.")); *J&K USA, Inc. v. Bank of America, N.A.*, 448 P.3d 545, 2019 WL 4390761, at *1 n.2

(Nev. Sept. 12, 2019) (unpublished) ("Consequently, because the promissory note had already been negotiated to Fannie Mae at the time MERS executed the assignment, MERS lacked authority to transfer the promissory note, and the language in the assignment purported to do so had no effect."). This assignment therefore did nothing to break or impair the chain of title to Nationstar.

    ii. November 4, 2013: Assignment of Deed of Trust from Countrywide Home Loans, Inc. to Nationstar. *See* Nationstar Trial Exhibit No. 4. This assignment is a legal nullity because at the time Countrywide Home Loans, Inc. attempted to assign its interest to Nationstar, it had already, via MERS, assigned its interest to BAC Home Loans Servicing, LP fka Countrywide Home Loans Servicing LP. *See* Nationstar Trial Exhibit No. 2. Because Countrywide Home Loans, Inc. held no interest in the property, it could only assign what it had—nothing. *See RH Kids*, 2019 WL 4390762, at *1 n.2; *J&K USA*, 2019 WL 4390761, at *1 n.2. While this assignment did not actually assign the beneficial interest to Nationstar, it also did nothing to break or impair the ultimate chain of title ending with Nationstar.

17. Based on the above chain of title, Nationstar is the proper assignee and current record beneficiary under the deed of trust. Therefore, Nationstar has standing to assert its quiet title claim in this case.

18. A claim for declaratory relief, as it relates to real property, may be brought by a party who has a legitimate interest in the property for the purpose of asking the court to declare that party's rights in the property. *See* 28 U.S.C. § 2201; NRS § 30.040; *Shadow Wood HOA v. N.Y. Cmty. Bancorp.*, 366 P.3d 1105, 1109 (Nev. 2016) (reaffirming that "in an appropriate case, a court can grant equitable relief from a defective HOA lien foreclosure sale.").

19. Because Nationstar, as the current record beneficiary, has a legitimate interest in the property, it may bring its claim for declaratory relief.

20. SFR has title to the property, subject to Nationstar's first deed of trust.

///

## V. SFR's SUPPLEMENTAL TRIAL BRIEF

On the eve of trial, SFR filed a "Supplemental Trial Brief." ECF No. 130. This brief was actually a motion to dismiss the action, in which SFR argued that Nationstar is barred by the election of remedies doctrine from obtaining any recovery from SFR because it already elected to obtain money damages from Curti Ranch via a settlement agreement. *Id.* When the parties met in open court the next day, Nationstar was unaware of the filing. The court therefore ordered full briefing on the issues SFR raised, which was complete on December 5, 2019. *See* ECF Nos. 133 & 135.

First, SFR did not waive its right to assert the election of remedies doctrine defense as it asserted the defense in its Answer. *See* ECF No. 60 at 8 ("The Bank is pursuing two inconsistent remedies in violation of the election of remedies doctrine."). Nationstar was therefore on notice that SFR would likely argue that a damages award and a declaratory judgment award were inconsistent under the doctrine. Accordingly, SFR is not barred from now asserting the defense.

Second, the court's prior rulings remain intact: (1) Bank of America, Nationstar's predecessor-in-interest, tendered the super priority amount in full and it was not impermissibly conditional; (2) because the super priority amount was paid in full, Curti Ranch's foreclosure sale on the super priority portion was void; (3) because the foreclosure as to the super priority was void, the foreclosure did not extinguish the first deed of trust; and (4) therefore, SFR purchased the property subject to the first deed of trust. ECF No. 59. In its prior order, the court did not grant Nationstar's motion for summary judgment because the court found that Nationstar had failed to show it was the record beneficiary of the first deed of trust. Id. As discussed above, while the beneficiary and assignee of a Deed of Trust has standing to assert the rights held by its predecessor-in-interest, "the burden of proof rests with the plaintiff to prove a good title in himself." *Velazquez*, 2011 WL 1599595, at *2 (citing *Breliant*, 918 P.2d at 318. After hearing argument from the parties and reviewing the evidence in light of those arguments, the court found that Nationstar had presented a complete chain of assignments linking it to the original beneficiary under the deed of trust, successfully meeting its burden to prove good title in itself. Accordingly, SFR purchased

1 | the property subject to Nationstar's first deed of trust. Therefore, the court declines to entertain the parties' arguments regarding any of the above established findings.

Finally, SFR asks the court to set aside this finding, and instead find that because Nationstar reached a settlement with Curti Ranch, Nationstar is no longer entitled to the declaratory judgment. The court reviewed SFR's cited case, *Nevada Association Services Inc. v. Las Vegas Rental & Repair, LLC*, and finds that this case does not prohibit the court from declaring that the first deed of trust encumbers the property simply because Nationstar has reached a settlement with Curti Ranch. 432 P.3d 744 (Nev. Dec. 27, 2018) (unpublished). As Judge Navarro discussed in *Bank of America, N.A. v. Berberich*, unlike the lower court in *Nevada Association Services*, which "concluded that the bank's deed of trust remained unaffected on the property, <u>yet still</u> awarded the bank's alternatively requested relief of damages resulting from its deed of trust being extinguished," that is not the resulting remedy in this case. *Berberich*, Case No. 2:16-cv-00279-GMN-CWH, 2019 WL 1442168, at *6 n. 3 (D. Nev. March 29, 2019) (citing *Nevada Association Services*, 2018 WL 6829004, at *2) (emphasis added). Here, the court is only awarding one remedy: it declares that the first deed of trust, of which Nationstar is the record beneficiary, remains on the property. It has not awarded any damages. Nationstar's choice to settle its claims separately with Curti Ranch does not affect this ruling. Accordingly, SFR's supplemental trial brief/ motion to dismiss (ECF No. 130) is denied.

## VI. ORDER & JUDGMENT

IT IS THEREFORE ORDERED that defendant's oral motion to reconsider the court's prior ruling on the statute of limitations for Nationstar's quiet title claim (*see* oral argument at trial, ECF No. 131) is **DENIED**.

IT IS FURTHER ORDERED that SFR's motion in limine to exclude the corrective assignment recorded July 23, 2018, from evidence (ECF No. 88) is **DENIED.**

IT IS FURTHER ORDERED that Nationstar's motion in limine to exclude reference, testimony, argument and documents concerning prior acts and other properties and litigation (ECF No. 89) is **DENIED as moot**.

///

IT IS FURTHER ORDERED that plaintiff's motion for judicial notice (ECF No. 128) is **DENIED**.

IT IS FURTHER ORDERED that defendant's supplemental trial brief/ motion to dismiss (ECF No. 130) is **DENIED**.

As to the issue before the court at the bench trial, IT IS FURTHER ORDERED, ADJUDGED AND DECREED as follows:

a. SFR took title to the property located at 480 Cicada Ct., Reno, Nevada 89521 subject to the deed of trust recorded against the property on July 6, 2005, in the Washoe County Recorder's Office as document number 3241354.

b. Nationstar's deed of trust was not extinguished by Curti Ranch's HOA NRS Chapter 116 foreclosure sale;

c. SFR or its successors, assigns or agents, are enjoined from conducting any sale, transfer, or encumbrance of the property where its title is claimed to be superior to the deed of trust or not subject to the deed of trust.

d. SFR is required to pay all taxes, insurance and homeowners' association dues during the pendency of any appeal that may be taken and until such time as this Order and Judgment, if ever, is reversed;

e. SFR's counterclaims against Nationstar are denied as moot;

f. Nationstar's remaining claims against SFR are denied as moot;

g. The Notice of Lis Pendens filed by Nationstar and recorded against the property on December 23, 2017, in the Washoe County Recorder's Office as document number 4771596, is hereby expunged.

IT IS SO ORDERED.

DATED this 16th day of December, 2019.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE